AO 91 (Rev. 11/11) Criminal Complaint                    AUSA Richard M. Rothblatt (312) 353-4558

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



UNITED STATES OF AMERICA

v.

JORGE MARTINEZ-LOPEZ

CASE NUMBER:  25 CR 597

**UNDER SEAL**

**FILED**

**9/25/2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about July 5, 2025, at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant violated:

| Code Section | Offense Description |
| --- | --- |
| Title 8, United States Code, Section 1326(a) | being an alien who previously had been deported and removed from the United States on or about August 1, 2017, was found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States |

This criminal complaint is based upon these facts:

 X  Continued on the attached sheet.

RENEE FALS
Deportation Officer, Immigration & Customs Enforcement (ICE)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: September 25, 2025

*Judge's signature*

City and state: Chicago, Illinois

GABRIEL A. FUENTES, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

ss

## **AFFIDAVIT**

I, DRU KIMBALL, being duly sworn, state as follows:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have been so employed for over fourteen years. My current responsibilities include the investigation of immigration laws, policies, and procedures, including relating to deportation and aliens. In particular, I have successfully completed basic immigration law enforcement training, as required by Title 8, Code of Federal Regulations, Section 287.5(e)(3)(iv).

2. This affidavit is submitted in support of a criminal complaint alleging that JORGE MARTINEZ-LOPEZ has violated Title 8, United States Code, Section 1326(a). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MARTINEZ-LOPEZ with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on, among other things, my personal knowledge, information provided to me by other law enforcement agents, the personal knowledge, training, and experience of other law enforcement agents with whom I have consulted, and my review of pertinent documents and records, including documents

and records maintained by ICE, other components of the Department of Homeland Security ("DHS"), and other government agencies, including the Federal Bureau of Investment (the "FBI").

Background on MARTINEZ-LOPEZ

4.     According to DHS records, MARTINEZ-LOPEZ was born in Mexico in 1974, is a native and citizen of Mexico, and has no claim to United States citizenship or lawful residence.

5.     According to DHS records, on or about January 16, 2009, MARTINEZ-LOPEZ was ordered removed from the United States to Mexico by an immigration official in San Ysidro, California. That same day, MARTINEZ-LOPEZ was removed from the United States to Mexico through San Ysidro, California.

6.     After MARTINEZ-LOPEZ's removal on or about January 16, 2009, MARTINEZ-LOPEZ returned to the United States and was convicted of illegal entry, in violation of Title 8, United States Code, Section 1325(a)(1). *See United States v. Martinez-Lopez*, 17-po-24272 (D. Az.), R. 1. MARTINEZ-LOPEZ was sentenced to 30 days' imprisonment and removed on or about August 1, 2017 through Nogales, Arizona.

MARTINEZ-LOPEZ's Arrest in Joliet, Illinois on July 5, 2025

7.     After MARTINEZ-LOPEZ's second removal on or about August 1, 2017, MARTINEZ-LOPEZ again returned to the United States and was arrested on or about July 5, 2025 in Joliet, Illinois.

2

8.     According to records from the National Crime Information Center (NCIC), on or about July 5, 2025, MARTINEZ-LOPEZ was arrested by the Joliet Police Department and charged with two counts of driving under the influence / alcohol, one count of aggravated driving under the influence / no driver's license, and aggravated driving under the influence / great bodily harm.

9.     As part of the arrest in Joliet, Illinois, MARTINEZ-LOPEZ was fingerprinted.   The fingerprints were electronically uploaded into the FBI's Integrated Automated Fingerprint Identifications System. On or about September 18, 2025, a fingerprint comparison analysis conducted by the Homeland Security Investigations Forensic Laboratory showed that the individual arrested by the Joliet Police Department on or about July 5, 2025 is the same person who was removed from the United States on or about August 1, 2017.

10.     According to DHS records, at no point after his prior removals did MARTINEZ-LOPEZ apply for or receive permission to reenter the United States from the Department of Homeland Security.  In addition, there are no records reflecting that MARTINEZ-LOPEZ obtained the consent of the United States Attorney General to reenter the United States.

3

11.     Based on the forgoing, I respectfully submit that there is probable cause to believe that on or about July 5, 2025, MARTINEZ-LOPEZ, being an alien who last removed from the Unted States on or about August 1, 2017, was found in the United States without previously having obtained the express consent of United States Attorney General, and any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a); and Title 6, United States Code, Section 202(4)

FURTHER AFFIANT SAYETH NOT.

_____
RENEE FALS
Deportation Officer, Immigration & Customs Enforcement

SWORN TO AND AFFIRMED by telephone September 25, 2025.

_____
Honorable GABRIEL A. FUENTES
United States Magistrate Judge

4